## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **JOE BROTHERTON,** <br> **Individually and on behalf** <br> **of all others similarly situated,** <br><br> *Plaintiff,* <br><br> v. <br><br> **G.O.B. SERVICES LLC** <br><br> *Defendant.* | § <br> § <br> §    **Civil Action No. _____** <br> § <br> § <br> §    **JURY TRIAL DEMANDED** <br> § <br> §    **COLLECTIVE ACTION** <br> §    **PURSUANT TO 29 U.S.C. § 216(b)** <br> § <br> §    **CLASS ACTION PURSUANT TO** <br> §    **FED. R. CIV. P. 23** <br> § |

## ORIGINAL CLASS/COLLECTIVE ACTION COMPLAINT

Joe Brotherton ("Plaintiff" or "Plaintiff Brotherton") brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Putative Class Members") who worked for G.O.B. Services LLC ("G.O.B. Services") and were paid hourly but no overtime from three years preceding the filing of the Original Complaint and through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and pursuant to Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("OPPA"), and O.R.C. § 4113.15 (the OMFWSA and the OPPA will be referred to collectively as the "Ohio Acts").

Plaintiff's FLSA claim is asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his Ohio Acts claims are asserted as class actions under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
## OVERVIEW

1.      This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and class actions pursuant to the Ohio Acts and FED. R. CIV. P. 23, to recover overtime wages.

2.      Plaintiff and the Putative Class Members are those similarly situated persons who worked for G.O.B. Services since June 21, 2014 and through the final disposition of this matter, and were paid hourly for all hours worked in the field, but did not receive overtime for all hours worked over forty (40) in each workweek.

3.      G.O.B. Services improperly classified Plaintiff and the Putative Class Members as independent contractors

4.      Plaintiff and the Putative Class Members routinely work (and worked) in excess of 40 hours per workweek; however, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5.      The decision by G.O.B. Services not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6.      G.O.B. Services knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7.      Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the Ohio Acts.[1] Specifically, Plaintiff and the Putative Class Members performed routine and manual labor type job duties in the oilfield.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Michigan Ass'n of Governmental Employees v. Michigan Dep't of Corr.*, 992 F.2d 82, 83 (6th Cir. 1993) and *Davis v. Mountaire Farms, Inc.,* 453 F.3d 554, 556 (3d Cir. 2006)*; see also Graham v. Harbour*, 20 Ohio App.3d 293, 297, 486 N.E.2d 184 (10th Dist.1984) ("Recognizing the remedial purpose of both the federal FLSA and

8.      Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the Ohio Acts as a class action pursuant to FED. R. CIV. P. 23.

9.      Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.     Plaintiff also prays that the Rule 23 classes are certified as defined herein, and the Plaintiff be designated Class Representative.

## II.
## THE PARTIES

11.     Plaintiff Joe Brotherton worked for G.O.B. Services within the meaning of the FLSA and the Ohio Acts within this judicial district and within the relevant three-year period. Plaintiff Brotherton did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

12.     The Putative Class Members include those current and former employees who worked for G.O.B. Services since June 21, 2014 and have been subjected to the same illegal pay system under which Plaintiff Brotheron worked and was paid. The Putative Class Members include: the FLSA Collective Members, as defined in Paragraph 57, who worked in various locations across the United States of America and the Ohio Acts Class Members, as defined in Paragraph 91, who worked in Ohio.

---

OMFWSA, and that exemptions from coverage under the act should be narrowly construed, the Tenth Appellate District held that the employer—not the employee—"has the burden of proving" non-coverage or exemption).

[2] The written consent of Joe Brotherton is attached hereto as Exhibit "A."

13.     G.O.B. Services LLC ("G.O.B. Services") is a West Virginia limited liability company, doing business in Ohio, and may be served through its registered agent for service of process: Kevin C. Lucky c/o GOB Services LLC, 45315 McKee Avenue, Caldwell, Ohio 43724.

## III.
## JURISDICTION & VENUE

14.     This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

15.     This Court has supplemental jurisdiction over the Ohio Acts claims pursuant to 28 U.S.C. § 1367.

16.     This Court has personal jurisdiction over G.O.B. Services because the cause of action arose within this District as a result of G.O.B. Services' conduct within this District.

17.     Venue is proper in the Southern District of Ohio because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18.     Specifically, G.O.B. Services has maintained a working presence throughout Southern Ohio, including Noble County, Ohio, which is located in this District and Division.

19.     Venue is proper in this this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

20.     G.O.B. Services "performs civil and mechanical construction to the Oil & Gas companies of the North Eastern regions of the United States."[3]

21.     Specifically, G.O.B. Services provides work ranging from civil construction to utility installation, and employs operating engineers, laborers, carpenters, cement masons, operators, certified welders, welder's apprentices, painters and iron workers.[4]

---

[3] http://www.gobservicesllc.com/about-us/.

[4] *Id.*

22.     To provide their services, G.O.B. Services employed numerous workers—including the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the oilfield.

23.     Plaintiff Brotherton worked for G.O.B. Services as a Rig Welder from approximately January 2014 through October 2014 and worked throughout Southern and Eastern Ohio.

24.     G.O.B. Services paid Plaintiff and the Putative Class Members an hourly wage for all hours worked. Specifically, Plaintiff Brotherton was paid $90.00 to $95.00 per hour worked in the field plus a per diem that ranged from $100.00 to $130.00 per day, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

25.     Although it is well-known that blue-collar oilfield workers like Plaintiff and the Putative Class Members are not exempt from overtime, G.O.B. Services did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

26.     Plaintiff and the Putative Class Members' primary job duties included performing daily checklists, assisting with the preparation of equipment, and performing other oilfield related functions on various job sites.

27.     Upon information and belief, Plaintiff and the Potential Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by G.O.B. Services and/or its clients.

28.     Upon further information and belief, Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by G.O.B. Services and/or its clients.

29.     Virtually every job function was pre-determined by G.O.B. Services and/or its clients, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

30.     Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

31.     Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

32.     Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

33.     Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

34.     Moreover, Plaintiff and the Putative Class Members did not (and currently do not) supervise two or more employees.

35.     Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of G.O.B. Services or its customers.

36.     G.O.B. Services determined the hours Plaintiff and the Putative Class Members worked.

37.     G.O.B. Services set Plaintiff and the Putative Class Members' pay and controlled the number of hours they worked.

38.     G.O.B. Services set all employment-related policies applicable to Plaintiff and the Putative Class Members.

39.     G.O.B. Services maintained control over pricing and marketing. Defendants also chose equipment and product suppliers.

40.     G.O.B. Services owned or controlled the equipment and supplies that Plaintiff and the Putative Class Members used to perform their work.

41.     G.O.B. Services had the power to hire and fire Plaintiff and the Putative Class Members.

42.     G.O.B. Services made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members an hourly wage plus per diem with no overtime pay.

43.     G.O.B. Services reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided tools and equipment Plaintiff and the Putative Class Members used.

44.     Plaintiff and the Putative Class Members did not employ their own workers.

45.     Plaintiff and the Putative Class Members worked continuously for G.O.B. Services on a permanent full-time basis.

46.     G.O.B. Services, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, tools, and supplies. Moreover, G.O.B. Services paid operating expenses like rent, payroll, marketing, insurance, and bills.

47.     Plaintiff and the Putative Class Members relied on G.O.B. Services for their work. Plaintiff and the Putative Class Members did not market any business or services of their own. Instead, Plaintiff and the Putative Class Members worked the hours assigned by G.O.B. Services, performed duties assigned by G.O.B. Services, worked on projects assigned by G.O.B. Services, and worked for the benefit of G.O.B. Services and its customers.

48.     G.O.B. Services paid Plaintiff and the Putative Class Members on a weekly basis. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of hours they were allowed to work, which was controlled by G.O.B. Services and/or its customers.

49.     G.O.B. Services improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, they were economically dependent upon G.O.B. Services for their work.

50.     Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

51.     The FLSA and the Ohio Acts mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

52.     Under the Ohio Acts, overtime shall be paid in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the FLSA. *See* O.R.C. § 4111.03(A).

53.     G.O.B. Services denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

54.     G.O.B. Services applied this pay practice despite clear and controlling law that states that the manual labor/technical, routine duties which were performed by Plaintiff and the Putative Class Members consisted of ***non-exempt*** work.

55.     Accordingly, G.O.B. Services' pay policies and practices blatantly violated (and continue to violate) the FLSA and the Ohio Acts.

**V.**
**CAUSES OF ACTION**

**COUNT ONE**
**(Collective Action Alleging FLSA Violations)**

**A.   FLSA COVERAGE**

56.    All previous paragraphs are incorporated as though fully set forth herein.

57.    The FLSA Collective is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR G.OB. SERVICES LLC, AT ANY TIME FROM JUNE 21, 2014 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

58.    At all times hereinafter mentioned, G.O.B. Services has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

59.    At all times hereinafter mentioned, G.O.B. Services has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

60.    At all times hereinafter mentioned, G.O.B. Services has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

61.    During the respective periods of Plaintiff and the FLSA Collective Members' employment by G.O.B. Services, these individuals provided services for G.O.B. Services that involved interstate commerce for purposes of the FLSA.

62.     In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

63.     Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for G.O.B. Services and were engaged in oilfield services that were directly essential to the production of goods for G.O.B. Services and related oil and gas companies. 29 U.S.C. § 203(j).

64.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

65.     In violating the FLSA, G.O.B. Services acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

66.     The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 57.

67.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of G.O.B. Services.

## B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA

68.     All previous paragraphs are incorporated as though fully set forth herein.

69.     G.O.B. Services violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

70.     Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of G.O.B. Services' acts or omissions as described herein; though G.O.B. Services is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

71.     Moreover, G.O.B. Services knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

72.     G.O.B. Services knew or should have known its pay practices were in violation of the FLSA.

73.     G.O.B. Services is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

74.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted G.O.B. Services to pay overtime in accordance with the law.

75.     The decision and practice by G.O.B. Services to not pay overtime was neither reasonable nor in good faith.

76.     Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     FLSA COLLECTIVE ACTION ALLEGATIONS

77.     All previous paragraphs are incorporated as though fully set forth herein.

78.     Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

79.     Other similarly situated employees have been victimized by G.O.B. Services' patterns, practices, and policies, which are in willful violation of the FLSA.

80. The FLSA Collective Members are defined in Paragraph 57.

81. G.O.B. Services' failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

82. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

83. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

84. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

85. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

86. G.O.B. Services employed a substantial number of similarly situated workers since June 21, 2014. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

87. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and G.O.B. Services will retain the proceeds of its rampant violations.

88. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

89.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 57 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Ohio Acts)

**A.     OHIO ACTS COVERAGE**

90.     All previous paragraphs are incorporated as though fully set forth herein.

91.     The Ohio Acts Class is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR G.O.B. SERVICES LLC, IN OHIO AT ANY TIME FROM JUNE 21, 2014 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("Ohio Acts Class" or "Ohio Acts Class Members").**

92.     At all times hereinafter mentioned, G.O.B. Services has been an employer within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(2).

93.     At all times hereinafter mentioned, Plaintiff and the Ohio Acts Class members have been employees within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(3).

94.     Plaintiff and the Ohio Acts Class Members were or have been employed by G.O.B. Services since June 21, 2014, and have been covered employees entitled to the protections of the Ohio Acts and were not exempt from the protections of the Ohio Acts.

95.     The employer, G.O.B. Services, is not exempt from paying overtime benefits under the Ohio Acts.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE OHIO ACTS**

96.     All previous paragraphs are incorporated as though fully set forth herein.

97.     The OMFWSA requires that employees, including Plaintiff and the Ohio Acts Class Members receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

98.     The OPPA requires that G.O.B. Services pay Plaintiff and the Ohio Acts Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month.

99.     Plaintiff and the Ohio Acts Class Members were or have been employed by G.O.B. Services since June 21, 2014, and have been covered employees entitled to the protections of the Ohio Acts.

100.    G.O.B. Services is an employer covered by the requirements set forth in the Ohio Acts.

101.    Plaintiff and other Ohio Acts Class Members have not been exempt from receiving overtime benefits under the Ohio Acts.

102.    Plaintiff and the Ohio Acts Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, G.O.B. Services violated the Ohio Acts by failing to pay Plaintiff and other Ohio Acts Class Members any overtime premium for hours worked over 40 per week.

103.    Plaintiff and the Ohio Acts Class Members were not paid all wages, including overtime wages at one and one-half times their regular rates within thirty (30) days of performing the work.

104.    The wages of Plaintiff and the Ohio Acts Class Members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

105.    Plaintiff and the Ohio Acts Class Members have suffered damages and continue to suffer damages as a result of G.O.B. Services' acts or omissions as described herein; though G.O.B.

Services is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages

106. In violating the Ohio Acts, G.O.B. Services acted willfully, without a good faith basis, and with reckless disregard of applicable Ohio law.

107. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Ohio Acts, is defined in Paragraph 91.

108. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of G.O.B. Services.

## C.    OHIO ACTS CLASS ALLEGATIONS

109. All previous paragraphs are incorporated as though fully set forth herein.

110. Plaintiff brings his Ohio Acts claims as class actions pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by G.O.B. Services to work in Ohio since June 21, 2014.

111. Class action treatment of Plaintiff's Ohio Acts claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

112. The number of Ohio Acts Members is so numerous that joinder of all class members is impracticable.

113. Plaintiff is a member of the Ohio Acts Class, his claims are typical of the claims of other Ohio Acts Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

114. Plaintiff and his counsel will fairly and adequately represent the Ohio Acts Class Members and their interests.

115. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual

class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

116.    Accordingly, the Ohio Acts Class should be certified as defined in Paragraph 91.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against G.O.B. Services as follows:

a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 57 and requiring G.O.B. Services to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b.    For an Order certifying the Ohio Acts Class as defined in Paragraph 91, and designating Plaintiff as Representative of the Ohio Acts Class;

c.    For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d.    For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

e.    For an Order pursuant to Section 16(b) of the FLSA finding G.O.B. Services liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for attorneys' fees and costs;

f.    For an Order pursuant to the Ohio Acts awarding Plaintiff and the Ohio Acts Class Members unpaid overtime and other damages allowed by law;

g.    For an Order awarding the costs and expenses of this action;

h.    For an Order awarding attorneys' fees;

i.     For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

j.     For an Order awarding Plaintiff a service award as permitted by law;

k.     For an Order compelling the accounting of the books and records of G.O.B. Services, at G.O.B. Services' own expense;

l.     For an Order providing for injunctive relief prohibiting G.O.B. Services from engaging in future violations of the FLSA and the Ohio Acts, and requiring G.O.B. Services to comply with such laws going forward; and

m.     For an Order granting such other and further relief as may be necessary and appropriate.

Date: June 21, 2017

Respectfully submitted,

By: /s/ Robert E. DeRose
Robert E. DeRose (OH Bar No. 005214)
Robi J. Baishnab (OH Bar No. 0086195)
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300
Email: rderose@barkanmeizlish.com
rbaishnab@barkanmeizlish.com

*Local Counsel*

/s/ Clif Alexander
**Clif Alexander** (*Pro Hac Vice anticipated*)
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys in Charge for Plaintiff and Putative Class Members*