UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOE BROTHERTON, individually and on behalf of all others similarly situated, | : : : | Case No. 2:17-cv-00537 |
| Plaintiff, | : : | [Judge George C. Smith] [Magistrate Judge Elizabeth Preston Deavers] |
| v. | : : | |
| G.O.B. SERVICES, LLC, | : : | |
| Defendant. | : | |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL

Plaintiff, by counsel, Clif Alexander, Robert E. DeRose, II and Robi J. Baishnab, and Defendant, G.O.B. Services, LLC ("Defendant"), by counsel, Michael B. Mattingly, jointly move this Court for approval of the settlement of the above captioned case pursuant to the terms of the Settlement Agreement and General Release ("Settlement Agreement"), a copy of which is attached hereto as **Exhibit A**. A proposed entry is attached hereto as **Exhibit B** for the purpose of approving the settlement and dismissing this action with prejudice, except to retain jurisdiction for the limited purpose of enforcing the terms of the Settlement Agreement, if necessary.

### BACKGROUND

Plaintiff filed this action in the United States District Court for the Southern District of Ohio, Eastern Division on June 21, 2017. (ECF No. 1). Plaintiff's complaint alleged that Defendant violated the Fair Labor Standards Act ("FLSA") and the Ohio Wage Act ("OWA") by failing to pay he and other similarly situated contract welders overtime compensation.

By February 2, 2018, the Parties had both executed a settlement agreement and general release, subject to approval by the Court pursuant to 29 U.S.C.S. § 216(b). The Parties reached an agreement regarding the total settlement amount to be paid to Plaintiff, and separately reached an agreement regarding Plaintiff's counsel's attorney's fees and costs.

## DISPUTE IN CONTROVERSY

The Complaint alleges that Plaintiff was employed by G.O.B. Services, LLC, from approximately January – October, 2014 as a Rig Welder.  The Complaint further alleges that during this period of time, Plaintiff was paid hourly and was non-exempt from FLSA and OWA overtime pay requirements.  It also alleges during this time, Plaintiff worked overtime hours but was only paid his regular hourly rate for those overtime hours, not the time and a half prescribed by the FLSA and the OWA.  In response to the Complaint, Defendant denied these allegations.

Shortly after Plaintiff filed the Complaint, settlement discussions began in earnest between the parties resulting in the settlement submitted to this Court, with Counsel for the parties engaging in numerous telephonic conversations regarding the facts and defenses in the case. In September, 2017, Plaintiff was provided payroll records so that he could better evaluate Plaintiff's potential damages. These records afforded both Parties with the necessary materials to fully and fairly evaluate Plaintiff's claim. Both counsel for Plaintiff and for Defendant reviewed the records and discussed the same. Moreover, the Parties discussed expected witness testimony, statute of limitations concerns, Defendant's use of independent contractor agreements, and Plaintiff's day-to-day duties on the job-site.

Based on these discussions and review of pertinent pay-roll records, negotiations were successful, resulting in the Parties executing a settlement agreement and general release, subject to approval by the Court pursuant to 29 U.S.C.S. § 216(b). All Parties have signed the Settlement

Agreement. Consequently, the Settlement Agreement is provided for the Court's review as **Exhibit A**. Pursuant to the Settlement Agreement, Defendant is to pay Plaintiff $3,250.00 in alleged damages and $3,000.00 in attorney's fees and costs.

The parties, by reaching this settlement at such an early juncture in litigation, have been able to avoid costly litigation, discovery, depositions, experts and all other costs and expenses associated with protracted litigation. In addition, Plaintiff has been adequately compensated for damages in light of the facts and circumstances underpinning his claim.

## ARGUMENT

### A. The Court should approve the Agreement negotiated by the Parties.

In approving settlements of FLSA cases, district courts in the Sixth Circuit have followed the guidelines set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*. 679 F.2d 1350 (11th Cir. 1982); *see Simmons v. Mathis Tire & Auto Serv.*, No. 13-2875-STA-tmp, 2015 U.S. Dist. LEXIS 114008, at *2 (W.D. Tenn. Aug. 20, 2015) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes concerning a plaintiff's entitlement to compensation under the FLSA."); *see also Cruz v. Don Pancho Mkt., LLC*, No. 1:15-cv-00698-PLM, 1:16-cv-00569-PLM, 2016 U.S. Dist. LEXIS 115699, at *6 (W.D. Mich. Aug. 23, 2016) ("The Court's role is to determine whether the settlement agreement is fair and reasonable to all concerned."). In the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the Parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

A court presiding over an FLSA action may approve a proposed settlement of the action under 29 U.S.C.S. § 216(b) "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court must specifically decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions, which includes findings with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Kim v. Confidential Studio Inc.*, 2017 U.S. Dist. LEXIS 133002, at *4 (D. Md. Aug. 21, 2017) (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1355) (internal citations omitted).

Furthermore, the endorsement of the settlement by counsel for both Parties is a "factor [that] weighs in favor of approval." *Quintanilla v. A & R Demolition, Inc.*, No. H-04-1965, 2008 U.S. Dist. LEXIS 37449, at *15 (S.D. Tex. May 7, 2008). In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Id.* at *14 (citing *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)).

Here, the settlement reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which Plaintiff was represented by counsel, and the totality of the settlement is fair and reasonable. The settlement in this case was reached in an adversarial proceeding, through arm's length negotiations between capable attorneys who have the necessary experience to protect the rights of the Parties in this matter. The Parties well understand that litigation is an inherently risky process, and the likelihood of success for either party is virtually unknown. The issues in this case were in dispute, and settlement was achieved with an understanding of the disputed claims.

Moreover, the settlement in this case is fair given the brief tenure of Plaintiff's employment and the applicable statute of limitations. Moreover, this is a matter where continued attorneys' fees and costs on both sides could dwarf the actual amount in controversy if the case were to proceed through trial. The Parties, with the Court's approval, would like to resolve and settle this dispute short of continued litigation.

> **B.     The Court should approve the fees and costs award contemplated by the Agreement.**

In addition, as noted above, as part of its fairness determination, the Court must also determine that the proposed attorneys' fees are reasonable. *See Kim*, 2017 U.S. Dist. LEXIS 133002, at *4 (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1355); *see also Strong v. Bellsouth Telecomms.*, 137 F.3d 844, 849–50 (5th Cir. 1998); *Zoll v. Eastern Allamakee Cmty School Dist.*, 588 F.2d 246, 252 (8th Cir. 1978). The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b) (a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action"). Indeed, "[t]he payment of attorneys' fees to employees prevailing in FLSA cases is **mandatory**. The amount of the attorney's fees, however, is within the sound discretion of the trial court." *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984) (emphasis added).

It is well established that "[t]he starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. . . . The produce of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (internal citations and quotation marks omitted). Of course, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry. There

5

remain other considerations that may lead the district court to adjust the fee upward or downward." *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1492 (11th Cir. 1994) (citation omitted); *see also Association of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) ("In calculating a reasonable attorney's fee award, the court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services to reach a sum commonly referred to as the 'lodestar.'…The court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit."; *Reynolds v. Alabama Dep't of Transp.*, 926 F. Supp. 1448, 1453 (M.D. Ala. 1995) ("After calculating the lodestar fee, the court should then proceed with an analysis of whether any portion of this fee should be adjusted upward or downward.").

As set forth above, Defendant has agreed to pay Plaintiff's counsel $3,000 for his fees and costs as provided in the Settlement Agreement submitted to the Court. Counsel for Mr. Brotherton drafted, filed, and litigated this case until a settlement was reached with Defendant. In this matter, the attorneys' fee claim is reasonable given the expertise required to file both a federal FLSA claim and OWA claim, and the ability of the parties to reach an amicable settlement, saving large costs and time to the parties and Court resources.  Based on all relevant factors, the proposed pay of attorney's fees and cost reimbursements to Plaintiff's counsel is proper and reasonable and fulfills the purpose and intent of the FLSA's fees provision.

## **CONCLUSION**

For the reasons stated above, the Parties respectfully approve the settlement and dismiss this action with prejudice by entering the proposed order attached as Exhibit B.

Respectfully submitted,

| | |
|---|---|
| */s/ Clif Alexander* | */s/ Michael B. Mattingly* |
| Clif Alexander (pro hac vice) | Michael B. Mattingly (OH 0089847) |
| Anderson2X, PLLC | Dinsmore & Shohl LLP |
| 819 North Upper Broadway | 255 E. Fifth Street, Suite 1900 |
| Corpus Christi, TX 78401 | Cincinnati, OH 45202 |
| T: 361.452.1279 / F: 361.452.1284 | T: 513.977.8397 / F: 513.977.8141 |
| E: clif@a2xlaw.com | E: michael.mattingly@dinsmore.com |

Robert E. DeRose, II (OH 0005214)
Robi J. Baishnab (OH 0086195)
Baishnab, Barkan Meizlish Handelman Goodin
Derose Wentz LLP
250 E. Broad Street, 10th Floor
Columbus, OH 43215
T: 614.221.4221 / F: 614.744-2300
E: rderose@barkanmeizlish.com
  rbaishnab@barkanmeizlish.com

*Attorneys for Plaintiff*

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, Michael B. Mattingly, hereby certify that the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL** has been served upon counsel of record via the Court's CM/ECF system on the 9th day of February, 2018 as follows: Robert E. DeRose, II and Robi J. Baishnab, Barkan Meizlish Handelman Goodin Derose Wentz, LLP, 250 E. Broad Street, 10th Floor, Columbus, Ohio 43215 and Clif Alexander, 819 North Upper Broadway, Corpus Christi, TX 78401, Attorneys for Plaintiff.

*/s/ Michael B. Mattingly*
Michael B. Mattingly (OH 0089847)

12301710v1