EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into by and between Joseph Brotherton ("Brotherton") and G.O.B. Services, LLC ("GOB" or "Company").

WHEREAS, Brotherton provided services to GOB as a contract welder and was compensated for the same according to an independent contractor agreement; and

WHEREAS, Brotherton's business relationship with GOB was terminated in October, 2014;

WHEREAS Brotherton filed a lawsuit in the United States District Court for the Southern District of Ohio, Case No. 2:17-cv-00537, alleging he was misclassified as an independent contractor under both the Fair Labor Standards Act and Ohio's Minimum Fair Wage Standards Act;

WHEREAS, Brotherton and the Company now desire to reach a complete and final settlement of all matters relating to Brotherton's former business relationship with GOB;

NOW, THEREFORE, in consideration of the mutual promises and valuable consideration described below, the parties agree as follows:

1. As used in this Settlement Agreement and General Release, these words shall have the following meanings:

    a. RELEASEES means G.O.B. Services, LLC and GOB's owners, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers and parents, divisions, subsidiaries, and affiliates (and agents, directors, officers, employees, representatives, and attorneys of such divisions, subsidiaries, and affiliates), and all persons acting by, through, under, or in concert with any of them.

    b. CLAIM or CLAIMS means any and all complaints, lawsuits (including Case No. 2:17-cv-00537), claims, liabilities, obligations, promises, agreements, grievances, controversies, damages, actions, causes of action, rights, demands, losses, debts, and expenses (including court costs and attorney's fees actually incurred).

2. Contingent on Approval of this Agreement by the Federal District Court for the Southern District of Ohio, receipt of an executed copy of this Settlement Agreement and General Release, and receipt of W-9s from Brotherton and his counsel, and expiration of the revocation period described in Paragraph 6 (below), the Company shall pay Brotherton a total sum of Six Thousand, Two Hundred and Fifty Dollars and Zero Cents ($6,250.00), less legally required deductions within seven (7) business days of the satisfaction of the requirements described herein. Payment shall be issued as follows:

    a. One check made payable to "Joseph Brotherton" in the amount of Three Thousand, Two Hundred Fifty Dollars and Zero Cents ($3,250.00), less legally required deductions for which an IRS Form 1099 shall issue; and

      b.      One check payable to "Anderson2X, PLLC" in the amount of Three Thousand Dollars and Zero Cents ($3,000.00), without deductions for tax withholdings or any other deductions, for attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), for which an IRS form 1099 shall issue.

Brotherton agrees to indemnify and hold RELEASEES harmless for any tax liability, together with any interest or penalties assessed thereon, which Brotherton may be assessed by the United States Internal Revenue Service, or any state or local department of taxation, arising from the payment made to Brotherton pursuant to this Agreement, with the exception of GOB's portion of any applicable withholding, for which GOB shall be responsible.

      3.      Each party shall bear all of the fees, costs and expenses incurred by his or its own attorneys or advisors in connection with this Settlement Agreement and General Release and the settlement it represents, except as otherwise provided herein.

      4.      In exchange for his receipt of the above-referenced payments, and as a material inducement to RELEASEES to enter into this Agreement, as against RELEASEES, Brotherton does hereby irrevocably and unconditionally release, discharge, compromise and settle any and all CLAIMS, demands, rights of action or obligation (including all attorneys' fees and costs actually incurred), matured or unmatured, of whatever nature and whether or not presently known that exist as of the execution date of this Agreement and any other CLAIMS arising out of or relating to Brotherton's business relationship with any of the RELEASEES and/or the termination of the same, under any federal, state or local law, common law, or statute, including, but not limited to, CLAIMS arising under the Fair Labor Standards Act, Ohio's Minimum Fair Wage Standards Act, Ohio common law, or otherwise.

      5.      Brotherton acknowledges and agrees that this Agreement represents a settlement payment only, and should not be understood as constituting, an acknowledgment, evidence, or an admission of any liability or violation of any law or statute, the common law, or any agreement which exists or which allegedly may exist by and between Brotherton and the Company. Specifically, the Company denies that Brotherton was misclassified as an independent contractor, denies and disclaims any liability to Brotherton, and by entering into this Agreement intends merely to avoid further litigation.

      6.      Exclusively as this Agreement pertains to Brotherton's release of CLAIMS under the ADEA, Brotherton, pursuant to and in compliance with the Older Workers Benefit Protection Act: (i) is advised to consult with an attorney prior to executing this Agreement; (ii) is afforded a period of twenty-one (21) calendar days to consider this Agreement; and (iii) may revoke this Agreement during the seven (7) calendar days following its execution. To the extent Brotherton executes this Agreement prior to the expiration of the twenty-one (21) calendar day period specified in (ii) above, Brotherton acknowledges and agrees that he was afforded the opportunity to have a period of at least twenty-one (21) calendar days to consider it before executing it and that her execution of this Agreement prior to the expiration of said period was his free and voluntary act. Brotherton also agrees that this Agreement is written in a manner that enables him to fully understand its content and meaning.

Brotherton's Initials: _JB_

This Agreement as it pertains to a release of CLAIMS under the ADEA shall become effective and enforceable seven (7) calendar days after its execution. All other provisions of this Agreement or parts thereof shall become effective and enforceable upon execution; provided, however, that if Brotherton revokes this Agreement as provided in (iii) above, RELEASEES may revoke this Agreement in its entirety during the seven (7) calendar day period following his revocation. Written notice of any revocation must be delivered to Brian Lucky.

7. Brotherton expressly acknowledges and agrees that as of the date that he signs the Agreement, he has not filed any Claims or administrative charges against any of the RELEASEES.

8. Brotherton agrees that the existence and terms of this Agreement, as well as all discussions concerning this Agreement, are confidential. Accordingly, he shall not disclose the Agreement's existence or its terms or any related discussions to any other person or entity, except that he may disclose the amount to his attorney, spouse, financial advisor and as otherwise required and compelled by law. He shall instruct those individuals that the information is confidential and shall not be disclosed to any other person or entity. If anyone asks Brotherton about the status or resolution of any differences with the Company, he shall respond only by stating that he and GOB have resolved all disputes.

9. Brotherton acknowledges and agrees that a breach of the Confidentiality provision set forth in Paragraph 8 of this Agreement will subject the Company to irreparable and substantial harm, and that actual damages for such harm would be difficult to ascertain. Should a court of competent jurisdiction find that Brotherton has breached the Confidentiality provision, he agrees to pay the Company as liquidated damages the amount of One Thousand Dollars and Zero Cents ($1,000.00) for each such breach, as well as the Company's attorneys' fees found to be reasonable and appropriate by a court of competent jurisdiction.

10. Brotherton agrees not to hereafter encourage, or in any way, assist or cooperate with any other person or entity, except as expressly required and compelled by law, in any matter or proceeding of any kind or nature against GOB or any or all of the RELEASEES relating to any matter pertaining to GOB or any of the RELEASEES including but not limited to the application, employment and/or separation of any other individual(s) by the Company or any RELEASEE, and except as required and compelled by law, he shall not provide information to any other person or entity for such purpose(s). Brotherton agrees that he will not initiate, facilitate, or engage in any communication or conduct with any person or entity for the purpose of doing anything prohibited by this Paragraph 10.

11. Other Representations: In addition to Brotherton's other representations in this Agreement, Brotherton has made the following representations to the Company, on which it acknowledges it also has relied in entering into this Agreement with him: (a) Brotherton has not suffered any discrimination on account of his age, sex, race, national origin, marital status, sexual orientation, or any other protected status, and none of these ever has been an adverse factor used against Brotherton by any RELEASEE(S).

12. This Agreement is binding upon Brotherton and his heirs, administrators, representatives, executors, and assigns and shall inure to the benefit of GOB and to its heirs, administrators, representatives, executors, successors, and assigns.

Brotherton's Initials: *JB*

13. This Agreement sets forth the entire agreement by and between Brotherton and the Company and supersedes any and all prior agreements and understandings, whether written or oral, between them. This Agreement shall not be modified except by written agreement duly executed by or on behalf of each of the parties hereto. This Agreement shall be governed by and construed in accordance with the law of the State of Ohio. If any part of this Agreement shall be deemed invalid or unenforceable, all remaining parts shall remain binding and in full force and effect.

14. The failure of Brotherton or the Company to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

15. Brotherton acknowledges that he is fully able and competent to enter into this Agreement, that he has read this Agreement in its entirety, that he had an opportunity to review it, and that his agreement to all of its provisions is made freely, voluntarily, and with full and complete knowledge and understanding of its contents. Brotherton also acknowledges and agrees that, in signing this Agreement, he has not relied upon any representations made by the Company with regard to the subject matter, basis, or tax consequences — including the character or treatment of the settlement payment hereunder, or effect of this Agreement or otherwise, other than the obligations of the parties set forth in this Agreement.

_Joe Brotherton (Feb 2, 2018)_

**JOSEPH BROTHERTON**
Date: Feb 2, 2018

**G.O.B. SERVICES, LLC**
By: _[signature]_
Title: CEO/owner
Date: 1/15/18

12197185v1

Page 4 of 4

Brotherton's Initials: _JB_